UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PATRICK CURTIS JACKSON, | ) | |
| Petitioner, | ) | 2:10-cv-01698-KJD-LRL |
| vs. | ) | |
| | ) | **ORDER** |
| DWIGHT NEVENS, *et al.,* | ) | |
| Respondents. | ) | |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 12.) Petitioner has opposed the motion. (ECF No. 15.) There is no reply.

**I.    Procedural History and Background**

On March 23, 2006, the State of Nevada filed a criminal complaint in Clark County Justice Court charging petitioner with the following counts: (1) burglary; (2) possession of forged instrument; (3) forgery; and (4) attempt theft. (Mot. to Dismiss Ex. 7, ECF No. 13.) At an arraignment held in the Eighth Judicial District Court for the State of Nevada on June 7, 2006, the parties stated that although they had previously negotiated a guilty plea agreement, and petitioner had waived his right to a

preliminary hearing, the State would no longer abide by the negotiated terms of the agreement. (*Id*. Ex. 2.) According to the State, the Deputy District Attorney who entered into negotiations with petitioner agreed to terms that were in contravention of the office's policy. (*Id*.) Specifically, the Deputy District Attorney was not authorized to enter into a guilty plea agreement that dismissed a "ROP case."[1] (*Id*.) Because the agreement negotiated with petitioner provided that a "ROP case" pending against him would be dismissed, the State withdrew its negotiated offer based on the offer's ineligibility under the office policy. (*Id*.) Accordingly, the case was remanded to Justice Court for a preliminary hearing. (*Id*.)

At a preliminary hearing held August 3, 2006, the Justice Court concluded that reasonable cause supported the charges against petitioner and bound petitioner over to the District Court on all charges. (*Id*. Ex. 5.) On October 11, 2006, petitioner entered into a guilty plea agreement with the State in which he agreed, among other things, to plead guilty to burglary and to be sentenced under the small habitual criminal statute. (*Id*. Ex. 9.) The parties retained the right to argue for consecutive or concurrent time between this case and another case at sentencing. (*Id*.) Petitioner entered a guilty plea on November 10, 2006, and appeared before the court on November 29, 2006, for sentencing. (*Id*. Ex. 10, Ex. 11.) At sentencing, the court adjudicated petitioner a habitual criminal and sentenced him to 84 to 240 months to run concurrent with the sentence from the other case. (*Id*. Ex. 11.) The court entered the judgment of conviction on December 6, 2006. (*Id*. Ex. 12.) On January 22, 2007, petitioner filed a *pro se* motion for an amended judgment of conviction to include jail time credits. (*Id*. Ex. 13.) The court denied the motion on April 4, 2007. (*Id*. Ex 14.) Petitioner did not directly appeal.

On November 17, 2007, petitioner, appearing *pro se*, filed a post-conviction petition in state court. (*Id*. Ex. 15.) Petitioner argued that his counsel was ineffective on various grounds. (*Id*.) The District Court denied the petition on April 3, 2008. (*Id*. Ex. 19.) Petitioner appealed. (*Id*. Ex. 21.) On September 3, 2009, the Nevada Supreme Court affirmed the District Court's decision. (*Id*. Ex. 22.) On September 25, 2009, petitioner filed a motion for rehearing and/or reconsideration. (*Id*. Ex. 23.) The

---

[1] The parties do not define the term "ROP." However, for purposes of this order, the exact meaning of the term is not material.

court denied the motion on October 21, 2009, and issued remittitur on November 20, 2009. (*Id*. Ex. 24, Ex. 25.) Petitioner mailed his petition for writ of habeas corpus to this court on September 17, 2010. (ECF No. 1.)

**II.     Discussion**

Respondents argue in their motion to dismiss that the petition must be dismissed as untimely. In opposition to the motion to dismiss, petitioner argues that the statute of limitations was tolled while his petition for post-conviction relief was pending in state court, and thus, his petition is timely. Petitioner contends that a fundamental miscarriage of justice will occur if this court does not rule on the merits of his petition.

**A. Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 30, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000)). Time limits on post conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1812 (2005). With respect to the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

  Under the provision applicable to this case, 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In Nevada, a notice of appeal in a criminal case must be filed within thirty days after the entry of judgment or order being appealed. Nev. R. App. P. 4(b)(1). In this case, the District Court entered the judgment of conviction on December 6, 2006, and denied petitioner's motion for amended judgment of conviction to include jail time credits on April 4, 2007. The statute of limitations does not begin to run until both the judgment and sentence are final. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Because petitioner's motion for an amended judgment to include jail time credits pertained to his sentence, the limitations period did not start until the District Court denied the motion and the time for appeal expired. The District Court denied the motion on April 4, 2007. Therefore, the statute of limitations began to run on May 5, 2007.

4

Petitioner filed his petition for post-conviction relief in state court on November 17, 2007 – 196 days after the time for appealing his conviction expired. Under 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled while the post-conviction petition remained pending in state court. On November 20, 2009, the Nevada Supreme Court issued remittitur, which concluded the post-conviction proceedings in state court. Petitioner mailed his petition for writ of habeas corpus in this court 301 days later on September 17, 2010. Thus, petitioner's petition is untimely because it was filed 132 days after the one-year statute of limitations expired.

### B.     Equitable Tolling

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(1), the AEDPA limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a

prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*))(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

Here, aside from generally arguing that a miscarriage of justice will result if the court fails to reach the merits of his petition, petitioner fails to articulate any extraordinary circumstances beyond his control that warrant the equitable tolling of the statute of limitations. Accordingly, the court declines to equitably toll the statute and dismisses the petition as untimely. [2]

**III. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

---

[2] Respondents also argue that ground two of the petition is unexhausted, and thus, the petition should be dismissed as a mixed petition. Because the court finds that the petition is time-barred, it declines to reach this issue.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition (ECF No. 1) is **DISMISSED IN ITS ENTIRETY**, as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED: June 1, 2011

_____
UNITED STATES DISTRICT JUDGE