# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PATRICK CURTIS JACKSON, | ) | |
| Petitioner, | ) | 2:10-cv-01698-KJD-LRL |
| vs. | ) | |
| | ) | **ORDER** |
| DWIGHT NEVENS, *et al.,* | ) | |
| Respondents. | ) | |

    This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On June 1, 2011, the court issued an order dismissing the petition in its entirety as untimely. (ECF No. 20.) On June 23, 2011, petitioner filed a notice of appeal. (ECF No. 22.) After appealing the court's order, petitioner filed a motion for an extension of time to file a notice of appeal (ECF No. 25), a motion to reopen the case (ECF No. 26), and a motion for reconsideration (ECF No. 27) on June 28, 2011.

    Petitioner's motion for an extension of time to file a notice of appeal is moot because petitioner timely filed his notice of appeal on June 23, 2011. Thus, the court denies the motion as moot.

    In his motion to reopen case and his motion for reconsideration, petitioner seeks to present additional argument concerning this court's denial of a certificate of appealability and to address this

court's analysis and conclusions in the order dismissing this case as untimely. Even though petitioner filed his notice of appeal before filing the instant motions, this court retains jurisdiction to decide the motions. *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Here, petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this

court's order dismissing the petition as untimely should be reversed.  In his motion, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment.  Petitioner has not shown that manifest injustice resulted from dismissal of the action.  Petitioner also has not presented newly discovered or previously unavailable evidence.  Accordingly, petitioner's motion for reconsideration of the order dismissing his petition as untimely is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for an extension of time to file a notice of appeal (ECF No. 25) is **DENIED as moot.**

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen the case (ECF No. 26) and motion for reconsideration (ECF No. 27) are **DENIED.**

DATED:  March 6, 2012

_____
UNITED STATES DISTRICT JUDGE